IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENE HYATT and JO ANN HYATT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00869-JPG-SCW |
| ) | |
| GENWORTH FINANCIAL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion (Doc. 6) to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).  The Defendant's Motion notes that the named defendant, Genworth Financial, is "a holding company that did not issue, administer or assume any risk for the insurance policy at issue in this action."  The claimed proper party is "General Electric Capital Assurance Company, which changed its name to Genworth Life Insurance Company ("GLIC") in 2006."

Plaintiffs filed a Response (Doc. 7) and within the response, requests "leave to amend case caption to list Genworth Life Insurance Company" as the defendant in this matter.  A party may amend its pleadings once as a matter of course within 21 days after service of a motion under Rule 12(b) or by leave of court.  Leave of court should freely be given when justice so requires.  Federal Rule of Civil Procedure 15(a).  The time for amendment as a matter of course has passed.  As the defendant has filed its motion on behalf of Genworth Life Insurance Company, the Court will assume that the Defendant does not have an objection to the substitution of Genworth Financial with Genworth Life Insurance Company.  Therefore, this Court grants Plaintiffs' request to amend and Plaintiffs complaint is amended *by lineation* to substitute Genworth Life Insurance Company for Genworth Financial.

1.  **Background.**

Plaintiffs purchased a long term care insurance policy ("Policy") from the Defendant in 2001.[1]  The Policy had the following provision:

> "Your Right to Cancel The Policy at Any Time
>
> The Policyholder may cancel this policy at any time by sending us written notice.  The policy will be cancelled as of the date we receive the notice, or the later date stated in the notice.  *We will refund the unearned portion of any premium paid.*  The cancellation will not prejudice any claim for any uninterrupted institutional confinement that begins before the effective date of the cancellation. (Doc. 1-2, page 30)(*emphasis added*).

The Plaintiffs provided written notice of cancellation on December 31, 2014. Plaintiffs Complaint alleges that GLIC failed to return "$31,800.00" in premiums arguing that the term "unearned premium" was not defined in the policy and that it was their understanding that all the premiums they paid (if the benefits of the policy were not used) would be returned.  Their Complaint alleges a breach of contract (Count I); consumer fraud (Count II); and bad faith (Count III).  (Doc. 1-2).

2.  **Standard.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556

---

[1] Plaintiffs' motion states that they purchased the policy in 2006, but policy is dated November 19, 2001.

U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). However, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

3. Analysis.

Under Illinois law, the interpretation of an insurance policy, even an ambiguous policy, is a question of law. *River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1169 (7th Cir. 1998); *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993). In interpreting a policy, the Court must attempt to effectuate the parties' intention as expressed by the policy, giving "due regard to the risk undertaken, the subject matter that is insured, and the purposes of the entire contract." *River*, 160 F.3d at 1169 (quotations omitted); *accord Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997); *Crum & Forster*, 620 N.E.2d at 1078. If the policy is unambiguous, the Court must construe it according to the plain and ordinary meaning of its terms. *River*, 160 F.3d at 1169; *Allen*, 128 F.3d at 466; *Crum & Forster*, 620 N.E.2d at 1078. On the other hand, if the policy is ambiguous, the Court must construe all ambiguities in favor of the insured and against the insurer, who drafted the policy. *River*, 160 F.3d at 1169; *Allen*, 128 F.3d at 466; *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992). To determine if an ambiguity exists, the Court must ask whether the policy, taken as a whole and reading all parts in light of the other parts, is susceptible to more than one reasonable interpretation. *River*, 160 F.3d at 1169; *Allen*, 128 F.3d at 466; *Outboard Marine*, 607 N.E.2d at 1212. The parties' mere disagreement about the interpretation of a policy does not render it ambiguous. *River*, 160 F.3d at 1169.

Plaintiffs argue that their pleadings are sufficient "to put Defendant on notice" and that they have properly "pled all elements necessary." (Doc. 7, page 4). However, as stated above, the complaint must (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

In this matter, the Court agrees that the Plaintiffs have described their claims in sufficient detail to give the defendant fair notice; however, the Complaint fails to plausibly suggest that the Plaintiffs are entitled to relief above a speculative level.

The Plaintiffs argue that the term "unearned premium" is ambiguous since it was undefined within the Policy's definitions of terms; however, in their response, they do not cite any case law supporting the claim that an undefined term within a policy should be deemed ambiguous. They simply state that, "It is certainly reasonable that Plaintiff expected what he thought he bargained for – a return of money that was "unearned," or all money that was not used." "Mere disagreement about the interpretation of an insurance contract does not render it ambiguous." *Supra*, at 1169. There is nothing to suggest that Plaintiffs claims are anything other than a disagreement about the interpretation of "unearned premium."

If the term "unearned premium" was ambiguous as the plaintiffs claim, the Court would be inundated with suits from automotive insurance policies holders, who failing to have an accident, seek the return of their premiums.

Next, "What plaintiff calls 'consumer fraud' or 'deception' is simply defendants' failure to fulfill their contractual obligations. Were our courts to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action. However, it is settled that the Consumer Fraud Act was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. We believe that a 'deceptive act or practice' involves more than the mere fact that a defendant promised something and then failed to do it. That type of 'misrepresentation' occurs every time a defendant breaches

a contract." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (2005)(citations omitted).

The Plaintiffs plead the same facts in their Consumer Fraud count as they did in their breach of contract claim only adding, "That the Defendant intentionally or unintentionally committed a precluded act described above when the policy was not returned." (Doc. 1-2). As such, the Consumer Fraud claim fails to plausibly suggest that the Plaintiffs are entitled to relief above a speculative level as a deceptive act or practice' involves more than the mere fact that Plaintiff believed all the premiums would be returned and defendant failed to return them.

Finally, Illinois law does not recognize bad faith as an independent tort. *Cramer v. Insurance Exchange Agency*, 174 Ill.2d. 513 (1996). Although there are exceptions with regard to good faith settlements, none appear applicable in this matter and Plaintiffs cite to no exception in their response. In fact, Plaintiffs failed to respond to this portion of the motion to dismiss and pursuant to Local Rule 7.1(g), the Court, in its discretion, may consider the failure to respond as an admission of the merits and does so.

4. **Conclusion.**

Based on the above, the Plaintiffs have described their claims in sufficient detail to give the defendant fair notice; however, the Complaint fails to plausibly suggest that the Plaintiffs are entitled to relief above a speculative level as plead. Plaintiffs are **GRANTED** 30 days from the date of this order in which to amend their complaint. If the complaint is not amended within the 30 days, Plaintiffs are **WARNED** that this matter will be dismissed without further notice.

The Clerk of Court is **DIRECTED** to substitute Genworth Life Insurance Company for Genworth Financial the defendant in this matter.

The Plaintiffs are also **CAUTIONED** that Exhibit A to the Notice of Removal (Doc. 1) contains information normally redacted in court filings.  Plaintiffs are encouraged to seek leave of this Court pursuant to Fed.R.Civ.P. 5.2 to have portions of Exhibit A of the Notice of Removal placed under seal.

**IT IS SO ORDERED.**

DATED:   11/12/2015

                                            *s/J. Phil Gilbert*
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**